FILED

APR 1 8 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALIM DANIEL AHMED,<br><br>Petitioner,<br><br>v.<br><br>M. MARTEL; K.W. LOTRELL; E. PATAO,<br><br>Defendants. | No. C 12-0539 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

### INTRODUCTION

This is a civil rights case filed pro se by a state prisoner. He has been granted leave to proceed in forma pauperis.

### DISCUSSION

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. LEGAL CLAIMS**

Plaintiff contends that defendants seized his property and failed to return it despite the fact that he had an order from a state court authorizing him to possess the property.

Neither the negligent nor intentional deprivation of personal property states a due process claim under § 1983 if the deprivation was random and unauthorized. *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process. *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property. *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989).

2

Plaintiff's allegations involve an allegedly random and unauthorized deprivation of his personal property, the sort of claim that is not cognizable under § 1983, and so will be dismissed.

## CONCLUSION

For the reasons set out above, this action is **DISMISSED** without prejudice. The clerk shall close the file and enter judgment.

**IT IS SO ORDERED.**

Dated: April 18, 2012.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\AHMED0539.DSM.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SALIM DANIEL AHMED,

        Plaintiff,

v.

M MARTEL et al,

        Defendant.

Case Number: CV12-00539 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 19, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Salim Daniel Ahmed
V-34635
San Quentin State Prison
San Quentin, CA 94974-0002

Dated: April 19, 2012

        Richard W. Wieking, Clerk
        By: Lili M. Harrell, Deputy Clerk