United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALIM DANIEL AHMED, | No. C 12-0539 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION FOR RECONSIDERATION; VACATING DISMISSAL; REOPENING CASE; DIRECTING PLAINTIFF TO AMEND COMPLAINT** |
| v. | |
| M. MARTEL; K.W. LOTRELL; E. PATAO, | |
| Defendants. | (Docket No. 7) |

This is a civil rights case filed pro se by a state prisoner. The complaint alleged that Defendants, officials of San Quentin State Prison, seized his "MP3 player" and failed to return it in violation of an order or the state court. The complaint was dismissed because neither the negligent nor intentional deprivation of personal property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). Plaintiff has filed a motion for reconsideration in which he explains that the MP3 was not merely personal property because it contained legal materials, including statements by witnesses and a 911 recording that was used in his criminal trial.

Rule 60(b) provides for relief from judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence

1  that by due diligence could not have been discovered before the court's decision; (3) fraud by
2  the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; (6) any other
3  reason justifying relief.  Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255,
4  1263 (9th Cir.1993).  Although couched in broad terms, subparagraph (6) requires a showing
5  that the grounds justifying relief are extraordinary.  *Twentieth Century - Fox Film Corp. v.*
6  *Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).  Motions for reconsideration should not be
7  frequently made or freely granted; they are not a substitute for appeal or a means of attacking
8  some perceived error of the court.  *Ibid.*

9  If the MP3 player contained the legal materials that plaintiff describes, this would not
10  change the due process analysis described above.  However, such allegations, if true, could
11  mean that the Defendants's actions violated a separate constitutional right, namely the
12  constitutional right of access to the courts.  Allegations of destruction or confiscation of legal
13  documents may state a claim for denial of access to the courts.  *Morello v. James*, 810 F.2d 344,
14  346-348 (2d Cir. 1987); *see Bounds v. Smith*, 430 U.S. 817, 828 (1977).  To state such a claim a
15  plaintiff must also allege an "actual injury" to court access, which consists of some specific
16  "instance in which an inmate was actually denied access to the courts."  *Sands v. Lewis*, 886
17  F.2d 1166, 1171 (9th Cir. 1989).  Only if an actual injury is alleged does a plaintiff state a claim
18  for which relief can be granted.  *See id.*  In his motion, plaintiff alleges generally that he is
19  "working on restitution issues, sentence modification, and credits," and that the recordings on
20  the MP3 player would be his sole source of information that will help "in filing motions that I
21  face now."  These allegations, when liberally construed, would be sufficient to state a
22  cognizable claim for violation of his right of access to the courts.  The trouble is, these
23  allegations are not in the complaint, nor are the allegations that the MP3 player has witness
24  statements and the 911 recording.  If plaintiff files an amended complaint setting forth these
25  such allegations, his claims may proceed.

26  In light of the foregoing, plaintiff's motion for reconsideration (docket number 7) is
27  **GRANTED**.  The order of dismissal and judgment are **VACATED**.
28  Within **twenty-eight (28)** days of the date this order is filed, plaintiff shall file an

2

amended complaint. The amended complaint must include the caption and civil case number used in this order (No. C 12-0539 WHA (PR)) and the words COURT-ORDERED AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case.</u> If plaintiff needs more time to file the amended complaint, he may file a motion for an extension of time that shows good cause for the extension requested. Such a motion must be filed before the deadline for the amended complaint.

It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk shall reopen the file.

**IT IS SO ORDERED.**

Dated: June __14__, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\AHMED0539.REC.wpd