UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SALIM DANIEL AHMED,

    Plaintiff,

v.

M. MARTEL, et al.,

    Defendants.

Case No. 12-cv-00539-JST (PR)

**ORDER OF SERVICE**

Plaintiff, a state prisoner presently incarcerated at Pelican Bay State Prison ("PBSP"), filed this civil rights action under 42 U.S.C. § 1983 regarding incidents that took place at San Quentin State Prison ("SQSP"), where he was previously incarcerated. After plaintiff's initial complaint and first amended complaint were dismissed with leave to amend, the Court stayed the action pending resolution of plaintiff's petition for writ of habeas corpus in the state courts. On August 8, 2014, plaintiff filed a motion to lift the stay along with a second amended complaint (SAC). The court lifted the stay on October 7, 2014. The SAC is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A.   <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. <u>See</u> 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. <u>See</u> <u>Balistreri v. Pacifica Police</u>

1  Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

2  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Plaintiff alleges that he represented himself in criminal proceedings in state court. With the agreement of plaintiff and the prosecutor, the trial judge authorized plaintiff's possession of an MP3 player in jail. The MP3 player contained legal materials, including statements by witnesses and a 911 recording used in his criminal trial. At sentencing, plaintiff was ordered to keep the MP3 player. He was transferred to San Quentin State Prison ("SQSP"), where he was eventually placed in administrative segregation. When he was placed in administrative segregation, defendant E. Patao confiscated the MP3 player. Plaintiff alleges that defendants M. Foss, W. A. Rodriguez, and T. Boerum, were all involved in reviewing and/or denying plaintiff's administrative appeals in which he requested that the MP3 player be returned.

Plaintiff alleges that without the MP3 player, he has been unable to adequately challenge: (1) the restitution he was ordered to pay, and (2) the duration of his sentence. Specifically, plaintiff alleges that he filed a petition for writ of habeas corpus in the sentencing court on these

two issues, but that the petition was denied. Plaintiff alleges that the MP3 player would have allowed him to show that the restitution fine should have been shared amongst him and his co-defendants. As to the duration of his sentence, plaintiff alleges that his plea bargain was violated when prison officials validated him as a gang member, requiring him to serve his time at 100% rather than at the 85% he negotiated for. Plaintiff alleges that the MP3 player would have allowed him to refute any gang affiliation.

"Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts." Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007) (citing Lewis v. Casey, 518 U.S. 343, 346 (1996)), vacated on other grounds by Hust v. Phillips, 129 S.Ct. 1036 (2009)). The right of access requires prison officials to provide inmates the opportunity to "prepare, serve, and file" court documents in cases affecting their liberty. Id. at 1075-76 (internal quotation and citation omitted). Allegations of destruction or confiscation of legal documents may state a claim for denial of access to the courts. Morello v. James, 810 F.2d 344, 346-348 (2d Cir. 1987); see Bounds v. Smith, 430 U.S. 817, 828 (1977).

There are two types of access to courts claims: forward-looking and backward-looking. See Christopher v. Harbury, 536 U.S. 403, 413-14 (2002). A forward-looking claim arises where "systemic official action frustrates a plaintiff or plaintiff class in preparing or filing suits at the present time"; the purpose of a forward-looking claim is to remove the frustrating condition such that a lawsuit may be filed in the future. Id. at 413. A backward-looking claim concerns the lost opportunity to litigate a specific case, "no matter what official action [is taken] in the future." Id. at 413-14.

When liberally construed, plaintiff states a cognizable claim for denial of access to the courts against defendants Patao, Foss, Rodriguez, and Boerum.[1]

## CONCLUSION

For the foregoing reasons, the Court hereby orders as follows:

1. Plaintiff's claim that defendants Patao, Foss, Rodriguez, and Boerum denied him

---

[1] The Court notes that plaintiff specifically states that he is "asserting a backward-looking denial of access claim." SAC at 12.

1 access to the courts is cognizable.

2      2. For the reasons stated in the Court's October 4, 2012 order, the Clerk shall terminate Martel, Chappel, Briggs, and Foston as defendants on the Court's docket. The Clerk shall also terminate Luttrell as a defendant as Luttrell is no longer named in the SAC.

      3. To expedite the resolution of this case, the Court orders as follows:

      a. No later than **91 days** from the date this order is filed, defendants must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[2]

If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the Court prior to the date the motion is due.

      b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

      c. Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

      4. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must

---

[2] If defendants assert that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's recent opinion in Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion). Such a motion should also incorporate a modified Wyatt notice in light of Albino. See Wyatt v. Terhune, 315 F.3d 1108, 1120, n.14 (9th Cir. 2003); Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012).

do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The Rand notice above does not excuse defendants' obligation to serve said notice again concurrently with a motion for summary judgment. Woods, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until defendants' counsel has been designated, plaintiff may mail a true copy of the document directly to defendants, but once defendants are represented by counsel, all documents must be mailed to counsel rather than directly to defendants.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

1       8.      Any motion for an extension of time must be filed no later than the deadline sought
2 to be extended and must be accompanied by a showing of good cause.
3       9.      Plaintiff is cautioned that he must include the case name and case number for this
4 case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated:  December 15, 2014

_____
JON S. TIGAR
United States District Judge